```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ERNEST CALVINO JR.,<br><br>                    Plaintiff,<br><br>          -against-<br><br>FAUTO LIPA; FAUTO LIPA, Son; DUAL LIPA; E TRADE,<br><br>                    Defendants. | 20-CV-0383 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*. By order dated January 17, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that

"finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff asserts his claims using the Court's general complaint form. He checks the box to indicate that he invokes the Court's diversity of citizenship jurisdiction. In the section of the form in which he is asked which of his federal constitutional or federal statutory rights were violated, he writes, "Gardneshment [sic], conspiracy of scam, conspiracy of Harassment, conspiracy of Extortion, conspiracy of Discrimination, conspiracy of theft, conspiracy of computer theft, conspiracy etc." (ECF No. 2, at 4.) In the section of the form in which he is asked to state the place(s) in which his claim occurred, he writes, "New York, National, International." (*Id.* at 5.)

Plaintiff alleges the following, verbatim:

> This people know my since 2018. I was living in 1729 Walton Ave. in the Bronx, later I was ilegaly lock out from the Apt 34B and by may they were monitory my with spying equitment. By Audio spying equitment they scam, Extored, Harass, mislead me saing that his darter like me, and in other time who they did not like want i did they threated me, They mislead me in other situation during the same period of time. They were one of the few that stole my privated and person information. They had O E Trade the electronic app that people can invest in the internet There was a problem in london because money estimate value was around 7 millions or 8 millions that was my money that was send to london by one of the Defendant mention at the beginning inspector Edmund was investigating about the situation. The inspector Edmunc in from Bri london in Europe across the Atlatic.

(*Id.* at 5-6.)

In the section of the form in which Plaintiff is asked to describe his injuries, he writes, "Gardneshement [sic], lost of time, lost of money stress, Damage to my mental health, Damage to Emotional health, lost of intellectual property, fear." (*Id.* at 6.) For relief, Plaintiff seeks, "Retur[n], transfer, Delivery money as much I diserver [sic], Transfer of Busnesses property, Asset, money in a formal and normal way with Autentic [sic] Document certified by the proper entitis." (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## LITIGATION HISTORY

Plaintiff has filed 65 actions in this Court from December 17, 2019, through January 16, 2020. More than thirty of these actions have been dismissed as frivolous, and Plaintiff has been warned that further vexatious or frivolous litigation in this Court will result in an order under 28 U.S.C. § 1651 barring him from filing new actions IFP unless he receives prior permission. *See, e.g., Calvino v. Armany,* ECF 1:20-CV-0387, 3 (S.D.N.Y. Jan. 17, 2020)*; Calvino v. Hadid*, ECF 1:20-CV-0138, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Little Wane Father*, ECF 1:20-CV-0134, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Sanchez*, ECF 1:20-CV-0065, 4 (S.D.N.Y. Jan. 9, 2020);

3

*Calvino v. Sportefy Inc.*, ECF 1:19-CV-11956, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Cirino*, ECF 1:19-CV-11953, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v All the women that sue me Int'l and Nat'l*, ECF 1:19-CV-11914, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v. Salad*, ECF 1:19-CV-11827, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v. Trainor*, ECF 1:19-CV-11668, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v. Jones*, ECF 1:19-CV-11601, 3 (S.D.N.Y. Dec. 23, 2019); *Calvino v. Internal Affe*, ECF 1:19-CV-11611, 3 (S.D.N.Y. Dec. 23, 2019); *Calvino v. Anneka C.*, ECF 1:19-CV-11610, 3 (S.D.N.Y. Dec. 23, 2019).

By order dated January 10, 2020, Plaintiff was directed to show cause by declaration why he should not be barred as of January 10, 2020, from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Calvino v. Fauto L.*, ECF 1:19-CV-11958, 4 (Jan. 10, 2020).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 21, 2020
       New York, New York

COLLEEN McMAHON
Chief United States District Judge